UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JONATHAN GOEPNER et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>ABF FREIGHT SYSTEM, INC et al.,<br><br>        Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>Case No. 2:14-cv-743 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Plaintiffs Jonathan Goepner and Russell Steven Kendall assert they were injured while working "in the basket of a construction lift . . . performing maintenance work and/or painting the underside of the Stillman Bridge."  Amended Complaint, ¶ 19 (Dkt. No. 25).  Plaintiffs initially brought suit against the John Doe driver who struck the basket and ABF Freight System, Inc. ("ABF Freight"), who allegedly owns and operates the truck driven by John Doe.  Plaintiffs filed their suit in the Third Judicial District Court in and for Salt Lake County, State of Utah.  ABF Freight removed the action to this court on October 10, 2014 based on diversity jurisdiction.  The court concludes it lacks jurisdiction and therefore remands this case to the Third Judicial District Court.

## FACTUAL BACKGROUND

In their initial Complaint, Plaintiffs asserted that Mr. Goepner, at all relevant times, was a resident of Tooele, Utah and that Mr. Kendall, at all relevant times, was a resident of Hillsboro, Oregon.  They further asserted defendant ABF Freight was an Arkansas corporation with its principal place of business in Salt Lake City, Utah.  Finally, they named a John Doe defendant, but did not allege his citizenship.

When ABF Freight filed its Notice of Removal, it attached a Declaration of Terry D. Rippy, who stated he was "a Senior Claims Casualty Specialist at ArcBest Corporation."  Decl. of Terry D. Rippy, ¶ 2 (Dkt. No. 2-3).  He then stated that ABF Freight's principal place of business was Arkansas.  *Id.* ¶ 3.  No foundation was provided about how Mr. Rippy's position at ArcBest Corporation places him in a position to know ABF Freight's principal place of business.

Approximately one year after removal, Plaintiffs filed a stipulated motion to amend their Complaint to add additional parties based on ABF Freight's Notice of Intent to Allocate Fault to certain non-parties.  *See* Stipulated Mot. to Amend, at 3 (Dkt. No. 23) (showing ABF Freight's express stipulation "that Plaintiff may amend their Complaint").  The stipulated motion was granted on October 19, 2015 and the Amended Complaint was filed the same day.

In the Amended Complaint, Plaintiffs assert that while Mr. Goepner was a resident of Tooele, Utah at the time of the accident, he has since moved to Sparks, Nevada.  Plaintiffs re-allege that ABF Freight's principal place of business is Salt Lake City, Utah.  Plaintiffs then name the following new parties:  (1) Gerber Construction, Inc., a Utah corporation; (2) Atlas Engineering, LLC, who Plaintiffs assert is a Utah corporation even though its name states it is a limited liability company; and (3) Interstate Barricades, who Plaintiffs assert is also a Utah

corporation.[1]  *See* Amended Complaint, ¶¶ 4-6 (Dkt. No. 25).  Finally, Plaintiffs continue to

allege that "[j]urisdiction and venue are proper in the Third Judicial District Court."  *Id.* ¶ 8.

## ANALYSIS

Although no party has challenged jurisdiction, the court nevertheless must "satisfy itself

of its power to adjudicate in every case and at every state of the proceedings."  *State Farm Mut.*

*Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) (quotations and citation

omitted); *see also* 28 U.S.C. § 1447(c) (stating "[i]f at any time before final judgment it appears

that the district court lacks subject matter jurisdiction, the case shall be remanded").  "Diversity

jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any

defendant."  *Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).  "[A]

party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance

of the evidence."  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation

omitted).  Here, ABF Freight bore that responsibility when it removed this case to federal court.

Moreover, because Plaintiffs are not alleging diversity jurisdiction, ABF Freight remains

responsible to prove that jurisdiction is proper in this court.

When a case is removed, "the citizenship of defendants sued under fictitious names shall

be disregarded."  28 U.S.C. § 1441(b)(1).  The court therefore does not consider the citizenship

of the John Doe defendant.  With respect to ABF Freight, however, "a corporation shall be

---

[1]  According to the Amended Complaint, "Gerber Construction Inc. was the general contractor for the construction zone . . . where the incident at issue" happened. *Id.* ¶ 10.  Atlas Engineering "was hired or retained to create a traffic control plan for the construction zone."  *Id.* ¶ 11. "Interstate Barricades was hired or retained to set-up/position and remove traffic signs, signals, cones, barrels, and/or other traffic control equipment at the construction zone."  *Id.* ¶ 12. Plaintiffs assert the three defendants negligently performed their duties and thereby failed to create an appropriate safety zone, among other things.  *Id.* ¶ 31.  The claims are therefore connected to Plaintiffs' personal injury allegations.

deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1). Plaintiffs asserted in their initial Complaint that ABF Freight's principal place of business is Utah. Because Mr. Goepner also was a citizen of Utah at the time the initial Complaint was filed, the face of the Complaint showed a lack of diversity. When ABF Freight removed this case, it filed Mr. Rippy's Declaration to rebut Plaintiffs' assertion and prove that ABF Freight's principal place of business was Arkansas. The declaration, however, lacks adequate foundation to establish this fact. Accordingly, removal was improper because diversity was not shown by a preponderance of the evidence.

Even if ABF Freight's principal place of business is Arkansas, however, diversity jurisdiction is still problematic for two reasons. First, Atlas Engineering appears to be a limited liability company. For diversity purposes, an LLC "depends on the citizenship of . . . each of its members." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991) (quotations and citation omitted). Plaintiffs have not pled the citizenship of each member of Atlas Engineering, and because it is not alleging diversity jurisdiction, was not required to do so. On the other hand, ABF Freight is required to allege Atlas Engineering's members because it is the party asserting diversity. It has failed to do so.

Typically, the court affords parties an opportunity to plead an LLC's membership. In this case, however, it would be futile due to the presence of a second problem. Although Mr. Goepner has since moved to Nevada, for purposes of diversity, "the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (quotations and citation omitted). This means "'jurisdiction depending on the condition of the party is governed by that condition, *as it was at*

*the commencement of the suit.*'"  *Id.* at 571 (quoting *Conolly v. Taylor*, 27 U.S. 556, 565 (1829)) (emphasis added).  Exceptions to this "time of filing" rule do exist, but the Supreme Court has stated it has never deviated from the rule "where there is *no* change of party."  *Id.* at 574 (quotations, citation, and alteration omitted) (emphasis in original).  Here, there has been no change in Mr. Goepner as a party—he remains in the case.  The court therefore looks at where Mr. Goepner resided at the time the Complaint was filed and not where he currently resides.

Because Mr. Goepner resided in Utah, there is a lack of diversity between him and the three new Utah defendants.  Removal cases have unique rules that apply to them.  Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  The parties stipulated to the joinder of the three new defendants.  Their joinder destroyed any subject matter jurisdiction that may have existed.

Thus, even if ABF Freight could adequately show its principal place of business is Arkansas and that each of the members of Atlas Engineering is diverse, it cannot cure the remaining jurisdictional defect.  The court therefore directs the Clerk of Court to remand this case to the Third Judicial District Court in and for Salt Lake County, State of Utah.

SO ORDERED this 15th day of June, 2016.

BY THE COURT:

_____

Clark Waddoups
United States District Judge

5